UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MILLER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNIFIED SCIENCE, LLC, a Minnesota Limited Liability Company; and JON THOMPSON, an individual,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-02004-BEN-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 3]** |

　　　Plaintiff Eric Miller ("Plaintiff") alleges Defendants Unified Science, LLC, and Jon Thompson ("Defendants") committed fraud, misrepresentation, wrongful termination of employment, and breach of contract with respect to an employment agreement Defendants entered into with Plaintiff in April 2018. Now before the Court is Defendants' Motion to Dismiss six of the eight causes of action brought by Plaintiff pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). (ECF No. 3). For the following reasons, the motion is **GRANTED in part and DENIED in part**.

///
///
///
///

## I. FACTUAL BACKGROUND[1]

Plaintiff began employment with Defendant Unified Science, LLC, (the "Company") in April 2018. (Comp., ECF No. 1-3, ¶ 9). Plaintiff's position was supposed to be located in San Diego, California, and Plaintiff was not made aware the position would require long periods of time be spent in Wisconsin. (*Id*. ¶ 10). Defendants did not disclose to Plaintiff that the Company was not licensed to operate in California. (*Id*. ¶ 17). Plaintiff's employment agreement specifically stated he could only be terminated "for cause." (*Id*. ¶ 18). During March 2019, the employment arrangement soured. (*Id*. ¶¶ 20-27). On March 28, 2019, Plaintiff met with Defendant Thompson, who informed Plaintiff that he would be pursuing a "for cause" termination of Plaintiff's employment. (*Id*. ¶ 28). The situation briefly de-escalated, and Defendant Thompson informed Plaintiff he still needed Plaintiff to work in Wisconsin. (*Id*. ¶ 32). On April 11, 2019, Plaintiff was informed that the Company was not licensed in California, "directly contradicting UNIFIED's representations to Plaintiff in his employment agreement." (*Id*. ¶ 36). On April 15, 2019, while Plaintiff was in San Diego, California, Defendant Thompson ordered Plaintiff to appear in Wisconsin for a performance review the following day despite knowing Plaintiff could not appear on such short notice. (*Id*. ¶ 37). On April 30, 2019, the Company terminated Plaintiff's employment. (*Id*. ¶ 38).

## II. DEFENDANTS' MOTION TO DISMISS

### A. Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where the pleadings fail to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must "accept as true facts alleged and draw inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege

---

[1] The Court is not making any findings of fact, but rather summarizing the relevant allegations of the Complaint for purposes of evaluating Defendants' Motion to Dismiss.

conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In addition, allegations of fraud must be stated with particularity. Fed. R. Civ. P. 9(b). "In order to plead fraud with particularity, the complaint must allege the time, place, and content of the fraudulent representation; conclusory allegations, do not suffice." *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010) (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (requiring plaintiffs plead who, what, when, where, and how). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together, but 'requires plaintiffs to differentiate their allegations when suing more than one defendant . . . and to inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 759, 765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)). "[G]eneral allegations that the 'defendants' engaged in fraudulent conduct," with only specific allegations as to some, "patently fail[s] to comply with Rule 9(b)." *Id.* at 765.

**B. Analysis**

In their Motion to Dismiss, Defendants argue for dismissal of Plaintiff's first six causes of action. Plaintiff opposes. Defendants do not argue for dismissal of Plaintiff's seventh and eighth causes of action.

    **i. Actual Fraud, Negligent Misrepresentation, and Constructive Fraud**

Plaintiffs first, second, and third causes of action arise from state law claims of fraud and negligent misrepresentation. On its face, Rule 9(b) applies to allegations of

fraud. While the Ninth Circuit has not addressed whether Rule 9(b) applies to negligent misrepresentation cases, this Court "considers negligent misrepresentation to be a species of fraud" and applies Rule 9(b)'s heightened pleading standards. *Giglio v. Monsanto Co.*, No. 15-cv-2279-BTM-NLS, 2016 WL 1722859, at *4 (S.D. Cal. Apr. 29, 2016); *see also Hofer v. Wright Medical Technology, Inc.*, No. 18-cv-01991-AJB-BLM, 2019 WL 3936130, at *2 (Aug. 20, 2019); *Monreal v. GMAC Mortg.*, LLC, 948 F. Supp. 2d 1069, 1078 (S.D. Cal. 2013); *and Chan v. Chancelor*, No. 09-CV-1839-AJB-CAB, 2011 WL 5914263, at *5 (S.D. Cal. Nov. 28, 2011). Moreover, "[i]t is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

Plaintiff alleges he was hired to work in San Diego, California and that his employment would not involve frequent trips or a required relocation to Wisconsin. (Comp. ¶¶ 10, 40). He further alleges Defendants represented that the Company was licensed in California when Defendants knew it was not. (*Id.* ¶¶ 14-15). Plaintiff alleges that these representations were made by "UNIFIED" but does not allege in his complaint specifically who made these fraudulent representations. (*Id.* ¶¶ 40, 41, 46-47, 52-53). Thus, as pleaded, Plaintiff's fraud and negligent representation claims do not satisfy the requirements of Rule 9(b). *See Kearns*, 567 F.3d 1120, 1124, *and Swartz*, 476 F.3d 759, 765.

Accordingly, Defendants' Motion to Dismiss Plaintiff's first, second, and third causes of action is granted with leave to amend.

### ii. Wrongful Constructive Termination

Plaintiff's fourth cause of action alleges Defendants violated California Labor Code § 222. The statute at issue relates to "wage agreement[s] arrived at through collective bargaining." Cal. Lab. Code § 222. Plaintiff does not allege, nor can the Court reasonably infer, that Plaintiff's employment agreement was the product of collective bargaining. Accordingly, Defendant's Motion to Dismiss Plaintiff's fourth cause of action is granted with leave to amend.

### iii. Misrepresentation About Employment Opportunity

Plaintiff's fifth cause of action alleges Defendants misrepresented the "kind, character, and existence" of the work he was hired to perform in violation of California Labor Code § 970. (Comp. ¶ 66). Plaintiff alleges Defendants did so by hiring him to perform work in California, then later asking him to perform work in Wisconsin. (*Id.* ¶ 10-13, 20). Plaintiff alleges these misrepresentations "influenced Plaintiff's decisions to enter into the employment agreement." (*Id.* ¶ 66).

Defendants argue that Plaintiff was merely asked to perform work on a project in Wisconsin and that Plaintiff did not actually relocate to Wisconsin. (Defs. Mot. to Dismiss, ECF No. 3, at 15). Defendants offer that such conduct is well beyond the reach of § 970. (*Id.* at 16). While Defendants' citation to public policy underlying § 970 and case law reducing the aperture of the statute's protection may be persuasive at a later stage, the Court finds Plaintiff has adequately pleaded this cause of action.

Accordingly, Defendants' Motion to Dismiss Plaintiff's fifth cause of action is denied.

### iv. Breach of Written Contract

Defendants finally argue Plaintiff has not sufficiently pleaded a cause of action for breach of written contract. In California, a claim for breach of contract must allege "(1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Cal. Ct. App. 2008).

Federal Rule of Civil Procedure 8 requires "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff alleges he had a written employment agreement with Defendants that only allowed "for cause" termination. (Comp. ¶¶ 18-19, 71). Plaintiff alleges the verbatim terms of the agreement's "cause" provisions, and alleges he was terminated in circumvention of those provisions when he was simply told "there was no job for [him] in San Diego." (*Id.* ¶¶ 19, 72). These allegations sufficiently plead the cause of action.

Accordingly, Defendants' Motion to Dismiss Plaintiff's sixth cause of action is denied.

## CONCLUSION

Defendant's motion to dismiss is **GRANTED in part** with respect to Plaintiff's first, second, third, and fourth causes of action. Defendant's motion to dismiss is **DENIED in part** with respect to Plaintiff's fifth and sixth causes of action. (ECF No. 3). Plaintiff is granted leave to file a First Amended Complaint that cures the pleading deficiencies identified in this order. Plaintiff may not add new claims or parties without seeking leave of this Court pursuant to Federal Rule of Civil Procedure 15. The First Amended Complaint shall be filed within 30 days of this order.

**IT IS SO ORDERED.**

DATED: June 22, 2020

_____
HON. ROGER T. BENITEZ
United States District Judge