FILED

OCT 2 0 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MILLER,<br><br>                                Plaintiff,<br><br>v.<br><br>UNIFIED SCIENCE, LLC, a Minnesota<br>Limited Liability Company; and<br>JON THOMPSON, an individual,<br><br>                             Defendants. | Case No.: 3:19-cv-02004-BEN-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 12]** |

Plaintiff Eric Miller alleges Defendant Unified Science, LLC (the "Company"), and Defendant Jon Thompson (collectively, "Defendants") committed fraud, misrepresentation, wrongful termination of employment, and breach of contract with respect to an employment agreement Defendants entered into with Miller in April 2018. Now before the Court is Defendants' Motion to Dismiss the First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).  ECF No. 12. For the following reasons, the motion is granted in part and denied in part.

## I.    BACKGROUND[1]

Miller began interviewing with Defendants for a position to be located in San Diego, California, beginning in February or March 2018.  FAC, ECF No. 11, ¶¶ 11-14.

---

[1] The Court is not making any findings of fact, but rather summarizing the relevant allegations of the Complaint for purposes of evaluating Defendants' Motion to Dismiss.

1

During those negotiations, Thompson "represented to [Miller] that he was being hired for a research and development position to be performed in San Diego, California." *Id.* at ¶ 52-54. Nonetheless, he knew that the Company was not licensed in California to do the type of work Miller was hired to perform. *Id.* at ¶ 55. Miller began employment with the Company in April 2018. *Id.* at ¶ 20. His position was supposed to be in San Diego, California, and he was not made aware the position would require long periods of time be spent in Wisconsin. *Id.* at ¶ 16. Miller's employment agreement specifically stated he could only be terminated "for cause." *Id.* at ¶ 26.

During March 2019, the employment arrangement soured. *Id.* at ¶¶ 28-32. On March 28, 2019, Miller met with Thompson, who informed Miller that he would be pursuing a "for cause" termination of Miller's employment. *Id.* at ¶ 38. The situation briefly de-escalated, and Thompson informed Miller he still needed Miller to work in Wisconsin. *Id.* at ¶ 41. On April 11, 2019, Miller was informed that the Company was not licensed in California, "directly contradicting [Thompson's] representations to [Miller] in his employment agreement." *Id.* at ¶ 45. On April 15, 2019, while Miller was in San Diego, California, Thompson ordered Miller to appear in Wisconsin for a performance review the following day despite knowing Miller could not appear on such short notice. *Id.* at ¶ 47. On April 30, 2019, the Company terminated Miller's employment due to his failure to appear for the review. *Id.* at ¶ 50.

Defendants' previously moved to dismiss claims one through six. The Court granted Defendants' motion with respect to claims one through four and denied Defendants' motion with respect to claims five and six. Defendants' instant motion seeks to dismiss all of Miller's claims.

## II.    LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where the pleadings fail to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court "accept[s] as true facts alleged and draw inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto*

1   *Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010).  A plaintiff must not merely allege

2   conceivably unlawful conduct but must allege "enough facts to state a claim to relief that

3   is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim

4   is facially plausible 'when the plaintiff pleads factual content that allows the court to

5   draw the reasonable inference that the defendant is liable for the misconduct alleged.'"

6   *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556

7   U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action,

8   supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

9        In addition, allegations of fraud must be stated with particularity.  Fed. R. Civ. P.

10   9(b).  "In order to plead fraud with particularity, the complaint must allege the time,

11   place, and content of the fraudulent representation; conclusory allegations, do not

12   suffice." *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1042 (9th Cir.

13   2010) (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.

14   1989)); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (requiring

15   plaintiffs plead who, what, when, where, and how).  "Rule 9(b) does not allow a

16   complaint to merely lump multiple defendants together, but 'requires plaintiffs to

17   differentiate their allegations when suing more than one defendant . . . and to inform each

18   defendant separately of the allegations surrounding his alleged participation in the fraud."

19   *Swartz v. KPMG LLP*, 476 F.3d 759, 765 (9th Cir. 2007) (quoting *Haskin v. R.J.*

20   *Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)).  "[G]eneral

21   allegations that the 'defendants' engaged in fraudulent conduct," with only specific

22   allegations as to some, "patently fail[s] to comply with Rule 9(b)." *Id.* at 765.

23   **III.   ANALYSIS**

24        Defendants seek dismissal of each of Miller's claims.  As a preliminary matter, the

25   Court must determine whether to consider the Parties' alleged Employment Agreement,

26   not included in the FAC but attached to Defendants' motion and Miller's opposition.  *See*

27   Decl. of Jon Thompson, ECF No. 12-1, Ex. B; Opp'n, ECF No. 13, Ex. A.

28

1    Generally, a Court may not consider material outside of the complaint when ruling

2    on a motion to dismiss. *Arpin v. Santa Clara Valley Trans. Agency*, 261 F.3d 912, 925

3    (9th Cir. 2001). However, "a document is not 'outside' the complaint if the complaint

4    specifically refers to the document and if its authenticity was not questioned." *Branch v.*

5    *Tunnell*, 14 F.3d 449, 453 (overruled on other grounds by *Galbraith v. Cty of Santa Clara*

6    307 F.3d 1119m 1127 (9th Cir. 2002)). In such situations, the Court may – but is not

7    required – to incorporate documents by reference. *Davis v. HSBC Bank Nevada, N.A.*,

8    691 F.3d 1152, 1159-60 (9th Cir. 2012).

9    Here, both Parties append the Employment Agreement to their respective briefs on

10   this motion. Decl. of Jon Thompson, ECF No. 12-1, Ex. B; Opp'n, ECF No. 13, Ex. A.

11   Accordingly, the authenticity of the contract is not questioned and the Court will consider

12   the Employment Agreement when analyzing Defendants' motion to dismiss.

13   **A.    Actual Fraud**

14   Miller's first claim alleges Defendants committed actual fraud, inducing him to

15   enter into the Employment Agreement. FAC, ECF No. 11, ¶¶ 51-58. On its face, Rule

16   9(b) applies to allegations of fraud.

17   Miller alleges he was hired to work in San Diego, California, and his employment

18   would not involve frequent trips or a required relocation to Wisconsin. FAC, ECF No. 11,

19   ¶¶ 16-25, 53-56. He further alleges Thompson represented that the Company was

20   licensed to conduct the type of work Miller was expected to perform in California when

21   Defendants knew it was not. *Id.* at ¶¶ 23. Miller alleges Thompson made these

22   representations during negotiations for Miller's employment in February or March 2018

23   while Miller was interviewing with Thompson and the Company. *Id.* at 10-14, 53-56.

24   Thereafter, the Parties entered into the Employment Agreement, which purports to be a

25   complete integration and "supersede[s] all previous understandings, agreements, and

26   commitments, whether written or oral, between the Parties hereto with respect to the

27   subject matter hereof." Opp'n, ECF No. 13, Ex. A, ¶ 15.5. The Employment Agreement

28

4

1  does not contain any language about the situs of Miller's employment or the requirements

2  to travel.

3        Defendants argue these allegations fail to state a claim because (1) Thompson's

4  later request that Miller work more from Wisconsin does not make his earlier alleged

5  representations untrue, (2) Miller does not allege "that he was actually asked or told to

6  'permanently move' to Wisconsin," and (3) Miller's allegations are premised upon parol

7  evidence that cannot be accepted as true for purposes of this motion. Mot., ECF No. 12,

8  7-9.

9        The Court disagrees.  In California, a plaintiff asserting fraud against an employer

10 must allege "names of the persons who made the allegedly fraudulent representations,

11 their authority to speak, to whom they spoke, what they said or wrote, and when it was

12 said or written." *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (Cal. 1996).  While

13 "California law presumes a written contract supersedes all prior or contemporaneous oral

14 agreements," *Anderson v. Savin Corp.*, 206 Cal. App. 3d, 356, 364 (Cal. Ct. App. 1988)

15 (citing Cal. Civ. Code § 1625; Cal. Civ. Proc. § 1856), California recognizes an exception

16 to the parol evidence rule exists in cases alleging fraud. *Riverisland Cold Storage, Inc. v.*

17 *Fresno-Madera Production Credit Ass'n*, 55 Cal. 4th 1169, 1183 (Cal. 2013); *see also*

18 *Hardisty v. Moore*, 750 Fed. App'x 525, 527-28 (9th Cir. 2018) (affirming fraud

19 judgment based on misrepresentations that contradicted the text of a purchase and sale

20 agreement).

21       Miller plausibly alleges that Thompson made representations about the situs and

22 travel required for the position that are not contained in the Employment Agreement.

23 FAC, ECF No. 11, ¶¶ 51-54.  He alleges Thompson made these representations in

24 February or March 2018, that Thompson was the Company's CEO, and that he relied on

25 those representations. *Id.* at ¶¶ 56-57.  Finally, alleges Thompson's statements later

26 proved to be false. *Id.*  These allegations plausibly constitute fraud and include the who,

27 what where, and when required by the Ninth Circuit in *Kearns*.  567 F.3d at 1124.

28       Accordingly, Defendants' motion is denied with respect to Miller's first claim.

### B.   Negligent Misrepresentation

While the Ninth Circuit has not addressed whether Rule 9(b) applies to negligent misrepresentation cases, this Court "considers negligent misrepresentation to be a species of fraud" and applies Rule 9(b)'s heightened pleading standards. *Giglio v. Monsanto Co.*, No. 15-CV-2279-BTM-NLS, 2016 WL 1722859, at *4 (S.D. Cal. Apr. 29, 2016); *see also Hofer v. Wright Medical Technology, Inc.*, No. 18-CV-01991-AJB-BLM, 2019 WL 3936130, at *2 (Aug. 20, 2019); *Monreal v. GMAC Mortg.*, LLC, 948 F. Supp. 2d 1069, 1078 (S.D. Cal. 2013); *and Chan v. Chancelor*, No. 09-CV-1839-AJB-CAB, 2011 WL 5914263, at *5 (S.D. Cal. Nov. 28, 2011). Moreover, "[i]t is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (applying California law).

To state a claim for negligent misrepresentation, Miller must therefore plead with particularity that Defendants made representations "honestly believing that [the representations] are true, but without reasonable ground for such belief." *Moncada v. West Coast Quartz Corp.*, 221 Cal. App. 4th 768, 781 (Cal. Ct. App. 2013) (citations omitted). Miller's claim fails to do so. FAC, ECF No. 11, ¶¶ 59-63. There is simply no allegation in the FAC that Thompson or anyone else at the Company reasonably believed the statements made during the negotiations were true. Instead, the FAC alleges Thompson *knew* the statements were false. While such allegations plead actual fraud, they fail to plead negligent misrepresentation. Accordingly, Defendants' motion is granted with respect to Miller's second claim with leave to amend.

### C.   Constructive Fraud

Constructive fraud "arises on a breach of duty by one in a confidential or fiduciary relationship to another which induces justifiable reliance by the latter to his prejudice." *Tyler v. Children's Home Soc'y*, 29 Cal. App. 4th 511, 548 (Cal. Ct. App. 1994). "It is essential to the operation of the doctrine of constructive fraud that there exist a fiduciary

1    or special relationship." *Peterson Dev. Co. v. Torrey Pines Bank*, 233 Cal. App. 3d 103,

2    116 (Cal. Ct. App. 1991).

3         Miller alleges Thompson "made representations to [Miller] in connection with his

4    employment with [the Company] that were patently false and material to [Miller's]

5    employment with [the Company]." FAC, ECF No. 11, ¶ 67. Miller does not allege he

6    and Thompson or anyone else at the Company were in a special or fiduciary relationship

7    or cite to any authority finding such a relationship between a prospective employer and

8    prospective employee. Moreover, the Court is not aware of any authority so holding.

9    Accordingly, Defendants' motion is granted with respect to Miller's third claim with

10   leave to amend.

11        **D.   Wrongful Constructive Termination**

12        "In order to establish constructive discharge, an employee must plead . . . that the

13   employer either intentionally created or knowingly permitted working conditions that

14   were so intolerable or aggravated at the time of the employee's resignation that a

15   reasonable employer would realize that a reasonable person in the employee's position

16   would be compelled to resign." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1251

17   (Cal. 1994). "Standing alone, constructive discharge is neither a tort nor a breach of

18   contract, but a doctrine that transforms what is ostensibly a resignation into a firing." *Id.*

19   "Even after establishing constructive discharge, an employee must independently prove a

20   breach of contract or tort in connection with employment termination in order to obtain

21   damages for wrongful discharge." *Id.* "An actual or constructive discharge in violation

22   of fundamental public policy gives rise to a tort action in factor of the terminated

23   employee." *Id.* at 1252.

24        Defendants argue Miller has failed to plead his termination was taken "in

25   contravention of fundamental public policy." Mot., ECF No. 12, 11 (citing *Tameny v.*

26   *Atlantic Richfield Co.*, 27 Cal. 3d 167, 172-74 (Cal. 1980)). The Court agrees. In

27   California, "fundamental public policy" includes "(1) refusing to violate a statute; (2)

28   performing a statutory obligation; (3) exercising a statutory right or privilege; and (4)

1    reporting an alleged violation of a statute of public importance." *Gantt v. Sentry Ins.*, 1

2    Cal. 4th 1083, 1090-91 (Cal. 1992) (citations omitted).  Miller alleges Thompson

3    harassed him because Miller provided negative findings on a report and because he

4    voiced concerns about increased travel requirements.  These allegations do not violate

5    fundamental public policy but instead are of a personal nature, not affecting society at

6    large. *See Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 665-71 (Cal. 1988).

7    Accordingly, Defendants' motion is granted with respect to Miller's fourth claim with

8    leave to amend.

9        **E.    Misrepresentation About Employment Opportunity**

10        Miller's fifth claim alleges Defendants misrepresented the "kind, character, and

11   existence" of the work he was hired to perform in violation of California Labor Code §

12   970. FAC, ECF No. 11, ¶ 85.  Miller alleges Defendants did so by hiring him to perform

13   work in California, then later asking him to perform work in Wisconsin. *Id.* at ¶ 11-24.

14   Miller alleges these misrepresentations influenced his decisions to enter into the

15   Employment Agreement. *Id.* at ¶ 53-56.

16        The Court previously ruled that Miller's misrepresentation about employment

17   opportunity claim was plausibly alleged.  Order, ECF No. 10, 5.  Defendants again argue

18   for its dismissal, stating that by amending the generally applicable paragraphs of his

19   complaint, Miller has amended this claim.  Reply, ECF No. 14, 2-3.  Defendants further

20   argue that Miller never actually moved, omitting a purportedly essential element of the

21   claim. Mot., ECF No. 12, 12.  However, the California Supreme Court has applied

22   California Labor Code Section 970 to cases involving "temporary as well as permanent

23   relocation of residence, as contrasted with a mere change in the site of employment."

24   *Collins v. Rocha*, 7 Cal. 3d 232, 239 (Cal. 1972).

25        Reading the allegations in the light most favorable to Miller, he alleges that

26   Defendants offered him a position to be located in San Diego, California.  FAC, ECF No.

27   11, ¶ 12.  Miller alleges that in March 2019, he was assigned to work on a project in

28   Wisconsin, which he went to complete. *Id.* at ¶ 28.  While still in Wisconsin

8

1  approximately one month later, Thompson told him that he "was no longer qualified to

2  fill any role in California" but that he "still needed [Miller] in Wisconsin." *Id.* at ¶¶ 33,

3  41. In mid-April, Thompson ordered Miller to appear in Wisconsin for a performance

4  review, knowing he could not travel with only one day's notice. *Id.* at ¶ 47.

5        The FAC plausibly alleges that Miller was induced to go to Wisconsin for one

6  project and that after arriving in Wisconsin, Thompson informed Miller he would have to

7  stay there because there was no longer a position for him in California. *Cf. See Stevens v.*

8  *Thomas Keller Rest. Grp.*, Case No. C-09-0622-EMC, 2009 WL 3841879, at \*4 (N.D.

9  Cal. Nov. 17, 2009) (finding Section 970 inapplicable where the plaintiff only took steps

10  toward relocation but did not leave for a new address).

11        Accordingly, Defendants' motion is denied with respect to Miller's fifth claim.

12    **F.    Breach of Written Contract**

13        Defendants argue Miller has not sufficiently pleaded a cause of action for breach of

14  written contract. In California, a claim for breach of contract must allege "(1) the

15  existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3)

16  defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF*

17  *Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Cal. Ct. App. 2008).

18        Federal Rule of Civil Procedure 8 requires "a short and plain statement showing

19  that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Miller alleges he had a

20  written employment agreement with Defendants that only allowed "for cause"

21  termination. FAC, ECF No. 11, ¶¶ 26-27. Miller alleges the verbatim terms of the

22  agreement's "cause" provisions, and alleges he was terminated in circumvention of those

23  provisions when he was simply told "there was no job for [him] in San Diego." *Id.* at ¶

24  27.

25        Defendants argue that the Employment Agreement's "for cause" termination

26  provision does not preclude them from terminating Miller for other reasons. Mot., ECF

27  No. 12, 13-14. For this position, Defendants rely on *Workman-Johnson v. Kaplan Higher*

28  *Education Corporation.* Case No. 08-CV-0339-JLS-RBB, 2008 WL 11336910 (S.D.

1  Cal. Aug. 11, 2008).  This is an argument that may be raised at trial, but for purposes of
2  ruling on a motion to dismiss Miller sufficiently states his claim.  Accordingly,
3  Defendants' motion is denied with respect to Miller's sixth claim.

4  **G.    Implied Covenant of Good Faith and Unfair Competition**

5  For the first time, Defendants challenge Miller's seventh and eighth claims.  These
6  claims were present in Miller's original complaint, yet Defendants did not challenge
7  these claims in their initial motion to dismiss.  Mot., ECF No. 3.

8  "Although the Ninth Circuit has not had occasion to apply this principle, the
9  weight of authority outside this circuit holds that where the complaint is amended after
10  the defendant has filed a Rule 12(b) motion, the defendant may not thereafter file a
11  second Rule 12(b) motion asserting objections or defenses that could have been asserted
12  in the first motion." *Federal Agr. Mortg. Corp. v. It's a Jungle Out There, Inc.*, Case No.
13  03-CV-3721-VRW, 2005 WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005); *see also* Wright
14  & Miller, 5D Federal Practice & Procedure § 1388, at 491-92 (3d ed 2004) (compiling
15  cases holding the same).  The Court finds this reasoning persuasive, especially as
16  adopting a contrary rule would allow defendants to needlessly extend litigation by
17  attacking only certain claims in a motion to dismiss, forcing plaintiffs to file successive
18  amended complaints.

19  Here, Defendants waived Rule 12(b)(6) challenges to Miller's seventh and eighth
20  claims by not asserting them in their original motion to dismiss.  Accordingly,
21  Defendants' motion is denied with respect to Miller's seventh and eighth claims.

22  **IV.   CONCLUSION**

23  Defendants' motion to dismiss is **GRANTED in part** with respect to claims two
24  through four.  Defendants' motion to dismiss is **DENIED in part** with respect to claims
25  one and five through eight.  ECF No. 12.  Plaintiff is granted leave to file a Second
26  Amended Complaint that cures the pleading deficiencies identified in this order.
27  Amendments must be contained within the claims the Court has found deficient.  Plaintiff
28  may not add new claims or parties without seeking leave of this Court pursuant to Federal

Rule of Civil Procedure 15.  The Second Amended Complaint, if any, shall be filed within 14 days of this order.

      **IT IS SO ORDERED.**

DATED: October 19, 2020

                        **HON. ROGER T. BENITEZ**
                        United States District Judge

3:19-cv-02004-BEN-DEB