FILED

FEB 2 2 2021

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MILLER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNIFIED SCIENCE, LLC, a Minnesota Limited Liability Company, and JON THOMPSON, an individual,<br><br>　　　　Defendants. | Case No.: 3:19-cv-02004-BEN-DEB<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>[ECF No. 25] |

　　　　Plaintiff Eric Miller alleges Defendants Unified Science, LLC ("Unified Science"), and Jon Thompson (collectively, "Defendants") committed fraud, misrepresentation, wrongful termination of employment, and breach of contract with respect to an employment agreement he entered into with Defendants in April 2018. Second Amended Compl., ECF No. 18. Defendants counterclaimed for misappropriation of trade secrets and employer property, breach of the duty of loyalty, breach of contract, computer fraud, misuse of data, and intentional interference with prospective economic advantage. *See generally* Countercl., ECF No. 20.

　　　　The matter comes before the Court on Miller's Motion to Strike certain portions of Defendants' Answer and Counterclaims. Mot., ECF No. 25. The Motion to Strike has been fully briefed. As set forth below, the Motion is **DENIED**.

1

## I. BACKGROUND[1]

The factual details of Miller's allegations against Defendants have been fully recounted in two of the Court's previous Orders. *See* ECF Nos. 10, 16. This Motion to Strike arises out of allegations contained in Defendants' Counterclaims. *See generally* ECF No. 20. The Counterclaims contend Miller engaged in a litany of misconduct, but as is relevant here, allege that Miller (1) took cannabis belonging to Defendant Unified Science off company property without permission, (2) snorted cannabidiol ("CBD") powder at a bar in the small town where Defendants maintain their headquarters, and (3) got into a physical fight with another of Defendants' employees at that bar. *Id.* at ¶¶ 42-43, 45, 63-68. Defendants allege this conduct violated the parties' employment agreement, and therefore gives rise to a claim for breach of contract, among other claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matters are "those which ha[ve] no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation marks omitted). Impertinent matters "do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotation marks omitted). "'[S]candalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action." Charles A. Wright and Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.).

The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). However, "[m]otions to strike are generally disfavored and

---

[1] The Court is not making findings of fact, but rather summarizing the relevant allegations of the Counterclaims for purposes of evaluating Miller's Motion to Strike.

2

'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'" *Luxul Tech. Inc. v. NectarLux, LLC*, 2015 WL 4692571, at *3 (N.D. Cal. Aug. 6, 2015) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).

A motion to strike portions of an answer is appropriate when a defense is (1) insufficient as a matter of law or (2) insufficiently pled. *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 627 (E.D. Cal. 2014); *see also Herd*, 311 F. Supp. 3d at 1162 (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). "An affirmative defense fails as a matter of law if it 'lacks merit under any set of facts the defendant might allege.'" *Harris*, 303 F.R.D. at 628. With respect "to determining the sufficiency of pleading[,] an affirmative defense is [sufficiently pled when] . . . it gives plaintiff fair notice of the defense." *Id.*; *see also Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (providing that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms'").

### III. ANALYSIS

Miller argues four portions of Defendants' Answer and Counterclaims are immaterial and scandalous. Mot., ECF No. 25, 7-10. Defendants first respond that the challenged allegations support their breach of contract counterclaim. Opp'n, ECF No. 26, 4-5. Because the Court agrees with Defendants that the challenged allegations support the breach of contract counterclaim, it does not reach Defendants' other arguments for why these challenged allegations are material.

The parties' employment agreement provides that Miller may be terminated for cause if he engages in, *inter alia*, dishonesty, actual or threatened physical violence, theft, "or any other conduct by the Employee showing gross misconduct . . . or disregard to the interests of the Company or that will adversely affect, or reflect negatively upon, Company." Countercl., Ex. 1, ECF No. 20-1, ¶ 5.3. Moreover, per the parties' employment agreement, Miller's breach of contract could entitle Defendants to attorney's

fees for this matter if they prevail on Miller's wrongful termination claim. Countercl., ECF No. 20, ¶ 216.

The challenged allegations generally fall into two categories. First, allegations Miller took Defendants' cannabis off-site without permission (*i.e.*, theft allegations). Opp'n, ECF No. 26, 6-7. Second, allegations Miller engaged in physical violence and apparent drug use outside the workplace in a manner that reflected discredit on Defendants in their local community. *Id.*

First, the Court finds that allegations of theft could relate to Defendants' counterclaim for breach of contract. The parties' employment agreement allegedly allowed for Defendants to terminate Miller for cause should he commit theft, and that is what Defendants allege here. Opp'n, ECF No. 26, 4-5. Miller does not challenge this argument, but instead selectively argues how *some* of the challenged allegations do not relate to *some* of Defendants' counterclaims. *See* Reply, ECF No. 27, 5-7. This misstates the standard. A motion to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc.*, 352 F. Supp. 2d at 1057. In other words, if the challenged allegation has an "essential or important relationship" to one of the counterclaims, the Motion to Strike should be denied. *Fantasy, Inc.*, 984 F.2d at 1527. That is the case here, as the theft allegations could potentially prove Miller violated his employment agreement and is, therefore, liable for breach of contract.

Second, with respect to Defendants' allegations of apparent drug use and physical violence, Miller ignores Defendants' contention that they "take great care to groom and maintain positive community relations and present a positive and professional image." Countercl., ECF No. 20, ¶ 63. Defendants work with CBD and hemp products, which have historically been subject to strict federal and state regulations. It stands to reason that because of that regulation, Defendants want to maintain a strong relationship with the community in which they reside. Bar fights and apparent drug use could detract from that relationship, and therefore these challenged allegations could also potentially prove

Miller breached his employment agreement, establishing a claim for breach of contract.

The Court is not deciding the validity of Defendants' Counterclaims, but it does find these allegations have an important relationship to the counterclaims presented. *See Fantasy, Inc.*, 984 F.2d at 1527. Put differently, the allegations may have a bearing on the subject of the litigation. Accordingly, the Motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Strike is **DENIED**. ECF No. 25.

**IT IS SO ORDERED.**

Dated: February 22, 2021

_____
HON. ROGER T. BENITEZ
United States District Judge